# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

Jason Sanders )
_____ )
_____ )    Case Number: 13-258-GPM
_____ )    (Clerk's Office will provide)
*Plaintiff/Petitioner(s)* )
v. )
Todd W. Cowell )
Edward H. Birkner )
Dave White )
(individual Capacity) )
*Defendant/Respondent(s)* )

☑ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)

☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☐ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act,
28 U.S.C. §§1346, 2671-2680, or other law

I.    JURISDICTION

Plaintiff: Jason Sanders (B-38349)

A.    Plaintiff's mailing address, register number, and present place of confinement. Pontiac C.C.
P.O. Box 99
Pontiac, Illinois
61764

Defendant #1:

B.    Defendant **Todd W. Cowell** is employed as
        (a)    (Name of First Defendant)

Correctional Officer / S.O.R.T. Tactical Team
        (b)    (Position/Title)

with Menard C.C. Illinois Department of Corrections
        (c)    (Employer's Name and Address)

711 Kaskaskia St. Menard, Illinois 62259

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If your answer is YES, briefly explain: As of August 20, 2012 Todd W. Cowell was employed by the state of Illinois Department of Corrections of Menard C.C. Held the rank of Correctional Officer/Guard

Defendant #2:

C.   Defendant _Edward H. Birkner_ is employed as

(Name of Second Defendant)

_Correctional Officer/Sergeant/S.O.R.T. Tactical Team_
(Position/Title)

with _Menard C.C. Illinois Department of Corrections_
(Employer's Name and Address)

_711 KasKasKia St. Menard, Illinois 62259_

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If you answer is YES, briefly explain: As of August 20, 2012 Edward H. Birkner was employed by the state of Illinois Department of Corrections of Menard C.C. Held the Rank of Sergeant and Tactical Team of S.O.R.T.

Additional Defendant(s) (if any): #3 Dave White

D.   Using the outline set forth above, identify any additional Defendant(s).
As of August 20, 2012 was employed as the S.O.R.T. Team Commander and Lieutenant with the Illinois Department of Corrections.
1301 Concordia Court/ P.O. Box 19.277
Springfield, Illinois
62794-9277
As of August 20, 2012 Dave White held the Rank of the S.O.R.T. Team Commander and Lieutenant.

*Each Defendant is sued individually and at all times mentioned in this complaint, each defendant acted under the color of state law.

II.   PREVIOUS LAWSUITS

    A.    Have you begun any other lawsuits in state or federal court relating to
         your imprisonment?                       ❏ Yes    ☑ No

    B.    If your answer to "A" is YES, describe each lawsuit in the space below.  If
         there is more than one lawsuit, you must describe the additional lawsuits
         on another sheet of paper using the same outline.  Failure to comply with
         this provision may result in summary denial of your complaint.

         1.    Parties to previous lawsuits:
               Plaintiff(s):

               Defendant(s):

         2.    Court (if federal court, name of the district; if state court, name of
               the county):

         3.    Docket number:

         4.    Name of Judge to whom case was assigned:

         5.    Type of case (for example: Was it a habeas corpus or civil rights
               action?):

         6.    Disposition of case (for example: Was the case dismissed?  Was it
               appealed?  Is it still pending?):

         7.    Approximate date of filing lawsuit:

         8.    Approximate date of disposition:

III.   GRIEVANCE PROCEDURE

A.   Is there a prisoner grievance procedure in the institution? ☑ Yes   ☐ No

B.   Did you present the facts relating to your complaint in the prisoner
grievance procedure?                                    ☐ Yes   ☑ No

C.   If your answer is YES,
1.   What steps did you take?


2.   What was the result?


D.   If your answer is NO, explain why not. While in Menard C.C. segregation
I had no access to any grievance forms.

E.   If there is no prisoner grievance procedure in the institution, did you
complain to prison authorities?                         ☑ Yes   ☐ No

F.   If your answer is YES,
1.   What steps did you take? Upon my immediately transfer
to Pontiac C.C. on September 19, 2012 I forwarded
my grievance directly to the Administrative Review
Board in Springfield, Illinois.
2.   What was the result?
The grievance was ruled mixed. The misconduct of
staff was affirmed by both Gina Allen of the ARB and
I.D.O.C. Director S.A. Godinez.

G.   If your answer is NO, explain why not.


H.   Attach copies of your request for an administrative remedy and any
response you received.  If you cannot do so, explain why not:


(Rev. 7/2010)                          4

Plaintiff Sanders (B-38349)

# Facts

1. At all times Relevant to this case. Plaintiff Jason Sanders was assigned to the East Cell House 1 Gallery, Cell 03, without a cell-mate.

2. On August 20, 2012 S.O.R.T. Tactical team members, and Defendants Todd Cowell and Edward Birkner was conducting a cell search. Upon information and belief, the S.O.R.T. Team was conducting a statewide tactical operation (Above Mentioned is attached to **Exhibit A**) page 1

3. Plaintiff Sanders was ordered to step out of the cell to be escorted to the East chowhall, along with other inmates from 1-Gallery where Sanders was assigned.

4. As Sanders exited his cell; Sanders was handcuffed behind his back in was ordered to walk. As Sanders walked to the best of his ability, Cowell and Birkner was informed by Sanders, that due to his disability he couldn't walk too fast.

5. After Sanders informed both Cowell and Birkner about his medical condition, as well as his medical permits for "Slow walk, low-bunk, low gallery, Medical lay-in, and feed in cell." (Sanders Medical Permit are attached to **Exhibit C**) Cowell and Birkner began to push Sanders in his back, then was pulled by both arms, causing Sanders to fall down to the ground as both Cowell and Birkner dragged Sanders 50 to 70 FT. until Reaching the East Chow hall.

Plaintiff Sanders (B-38349)

Pg. 2 of 3    (Continued)    Facts

6. Once Cowell and Birkner dragged Sanders into the East Chow hall; Cowell and Birkner ordered Sanders to stand up and face the east chow hall wall, even though it was obvious that Sanders couldn't stand on his own due to the pain in Sanders lower back and left leg. (Sanders Medical Records of history of pain in left leg and lower back are attached to **Exhibit B**.)

7. Upon forcibly standing Sanders up, facing the wall, Sanders collapsed to the floor in pain.

8. When Sanders collapsed again, Cowell and Birkner took turns slamming Sanders head and face into the wall.

9. As Sanders endured the clearly seen abuse by unknown staff and inmates from East Cell house 1-Gallery. Sanders as a known Religious Muslim prayed to his God for help from the abuse, as Cowell and Birkner mockingly repeated to Sanders: "Ask Allah to help you now!" (Summary Report to above is attached as **Exhibit E**)

10. As Cowell and Birkner mocked Sanders Religious belief, Cowell hit Sanders on both sides of his Jaw, chipping Sanders left back tooth, which had to be Removed. (The above Dental Examination and extraction is attached as Exhibit F)

11. After the attack by Cowell and Birkner, they dragged Sanders to the North 2 Cell House Segregation Unit. (The Grievance of all acts, is attached as **Exhibit D**)

Plaintiff Sanders (B-38349)

3. 3 of 3

# Facts

12. During the Statewide Tactical operation
Lieutenant and team (S.O.R.T.) Commander
failed to ensure staffs conducting statewide
tactical operations adhere to Medically issued
permits while conducting operations. (Director
S.A.Godinez concurrence to this negligence is
attached as Exhibit A page 2)

## IV. STATEMENT OF CLAIM

A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

1. Plaintiff Reallege and incorporate by Reference paragraphs 1-12.

2. Defendants Cowell and Birkner used excessive force against Plaintiff Sanders by pushing and pulling Sanders to the ground, then by dragging Sanders on the ground 50-70 FT. until reaching the East Chow hall. Defendants actions violated Plaintiff Sanders Rights under the Eighth Amendment to the United States Constitution when Sanders was not violating any prison Rule and was not acting disruptively, causing Plaintiff Sanders pain, suffering, and emotional distress.

3. Defendants Cowell and Birkner used Deliberate Indifference against Plaintiff Sanders by purposely ignoring Sanders Medical issued Permits to "Slow walk, Medical lay-in, etc. then by pushing Sanders until he fell to the ground, then dragging Sanders 50-70 FT to the East Chow hall, violating Plaintiff Sanders Rights under the Eighth Amendment to the U.S. Constitution and causing Sanders pain, suffering, physical injury and emotional distress. Plaintiff Sanders was not violating any prison Rule, nor disruptively in any way.

4. Defendants Cowell and Birkner again used excessive force and deliberate indifference against Plaintiff Sanders by forcibly standing Sanders up, indifference against Plaintiff Sanders by forcibly standing Sanders up, indifference Sanders collapsed to the floor Multiple time facing the East Chow hall wall until Sanders collapsed to the floor Multiple time due to his known medical condition and by being dragged 50-70 FT. by both defendant

5. Defendants Cowell and Birkner used EXCESSIVE force by slamming Sanders hea and face into the wall. Sanders Eighth Amendment Rights was violated by these actions

6. Defendant Cowell and Birkner used discriminatory and anti-Muslim comments against Plaintiff Sanders, violating his Fourteenth Amendment under the U.S. Constitution by Mockingly saying "Ask Allah to help you now!" as Defendant Cowell hit Plaintiff Repeatedly on Sanders Jaw area, causing Sanders left back tooth to chip and had to be Removed violating Sanders Eighth Amendment Right of the U.S. Constitution

7. Defendant Dave White, by not ensuring staffs to adhere to Medically issued Permits. Defendant Dave White is also violating Plaintiff Sanders Rights under the Eighth Amendment to the United States Constitution

V.    REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

1. Granting Plaintiff Sanders a declaration that the acts and omission described herein violates his Rights under the Constitution and laws of the United States.

2. Compensatory damages in the amount of $20,000 against each defendant, jointly and severally.

3. Punitive damages in the amount of $5,000 against each defendant.

4. A Jury trial on all issues triable by Jury.

5. Any additional Relief this court deems just, proper, and equitable.

VI.   JURY DEMAND (*check one box below*)

The plaintiff ☑ does  ☐ does not request a trial by jury.


**DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.


Signed on: March 14, 2013            *Jason Sanders*
                (date)                            Signature of Plaintiff

700 W. Lincoln st. P.O. Box 99       Jason Sanders
        Street Address                        Printed Name

Pontiac, IL. 61764                   B-38349
        City, State, Zip                    Prisoner Register Number


_____
        Signature of Attorney (if any)

From   Brian Sindram (B 34347)   NCH 713
To:    Library (electronic Filing program)


— Exhibits —
A, B, C, D, E, and F
     To be sent to

U.S. District Court
* Southern District of Illinois *

with Complaint

Exhibit
A

**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

October 22, 2012

Jason T. Sanders
Register No. B38349
Pontiac Correctional Center

Dear Mr. Sanders:

This is in response to your grievance received on October 2, 2012, regarding a disciplinary report dated August 20, 2012 and Staff Conduct on same date, which was alleged to have occurred at Menard Correctional Center. This office has determined the issue will be addressed without a formal hearing.

Your written grievance dated September 29, 2012 regarding above issues has been reviewed. You state on August 20, 2012 members of the S.O.R.T Team conducted a shakedown on your cell and were unprofessional in their actions and did not honor your medical permits for a cane, slow walk, low bunk, low gallery, medial Lay in and Feed in cell. You request the disciplinary report and sanctions be expunged as you did not refuse to assist members but you were unable to walk. You provide a copy of some medical records and a recent order updating permits.

This office has reviewed disciplinary report 201201706/1-MEN, written by CO Cowell, citing you for the offense(s) of 601.Attempt/102-Assaulting Any Person-staff and 403-Disobeying A Direct Order. A review of the Adjustment Committee summary dated August 23, 2012 indicates you were found guilty of the charge(s). Recommended disciple was: 1 year C Grade, 1 year Segregation, Revocation 6 months GCC, 1 year Commissary Restriction and 6 months Contact Visits Restriction. The Chief Administrative Officer concurred with the recommendation August 24, 2012.

This office contacted medical records staff and records show offender did have from July 20, 2012 to July 20, 2013 medical permits for: low bunk, low gallery, medical lay in, slow walk and feed in cell. Records also show a side note offender may use a quad cane; however, this is a note from Western Illinois Correctional Center and not one from Menard Correctional Center. There is no verifiable order/permit for a cuff in front.

✳ This office has been advised the shakedown at Menard Correctional Center on August 20, 2012 was conducted by the S.O.R.T team and was a statewide tactical operation.

This office contacted Lt. J. Lashbrook regarding this incident and was told the incident was witnessed by Sgt. Birkner, offenders are escorted by tactical team members, cuffed behind the back and supported by one team member on each side of the offender. Regarding the removal of cuffs (pulled over wrist/hands without unlocking/opening) the lieutenant reported this would be virtually impossible (offender is 5'11", 222 lbs) and denies the over-tightening allegations as well.

✳ Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, however recommends the grievance be ruled mixed. Denied is expungement of disciplinary report this office is reasonably satisfied the offender committed the offenses and sanctions are within

Exhibit
A

**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

October 22, 2012

Jason T. Sanders
Register No. B38349
Pontiac Correctional Center

Dear Mr. Sanders:

This is in response to your grievance received on October 2, 2012, regarding a disciplinary report dated August 20, 2012 and Staff Conduct on same date, which was alleged to have occurred at Menard Correctional Center. This office has determined the issue will be addressed without a formal hearing.

Your written grievance dated September 29, 2012 regarding above issues has been reviewed. You state on August 20, 2012 members of the S.O.R.T Team conducted a shakedown on your cell and were unprofessional in their actions and did not honor your medical permits for a cane, slow walk, low bunk, low gallery, medial Lay in and Feed in cell. You request the disciplinary report and sanctions be expunged as you did not refuse to assist members but you were unable to walk. You provide a copy of some medical records and a recent order updating permits.

This office has reviewed disciplinary report 201201706/1-MEN, written by CO Cowell, citing you for the offense(s) of 601.Attempt/102-Assaulting Any Person-staff and 403-Disobeying A Direct Order. A review of the Adjustment Committee summary dated August 23, 2012 indicates you were found guilty of the charge(s). Recommended disciple was: 1 year C Grade, 1 year Segregation, Revocation 6 months GCC, 1 year Commissary Restriction and 6 months Contact Visits Restriction. The Chief Administrative Officer concurred with the recommendation August 24, 2012.

This office contacted medical records staff and records show offender did have from July 20, 2012 to July 20, 2013 medical permits for: low bunk, low gallery, medical lay in, slow walk and feed in cell. Records also show a side note offender may use a quad cane; however, this is a note from Western Illinois Correctional Center and not one from Menard Correctional Center. There is no verifiable order/permit for a cuff in front.

✳ This office has been advised the shakedown at Menard Correctional Center on August 20, 2012 was conducted by the S.O.R.T team and was a statewide tactical operation.

This office contacted Lt. J. Lashbrook regarding this incident and was told the incident was witnessed by Sgt. Birkner, offenders are escorted by tactical team members, cuffed behind the back and supported by one team member on each side of the offender. Regarding the removal of cuffs (pulled over wrist/hands without unlocking/opening) the lieutenant reported this would be virtually impossible (offender is 5'11", 222 lbs) and denies the over-tightening allegations as well.

✳ Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, however recommends the grievance be ruled mixed. Denied is expungement of disciplinary report this office is reasonably satisfied the offender committed the offenses and sanctions are within

EXHIBIT A

the maximum recommendations allowed by DR504.  ✶ Affirmed is staffs misconduct when escorting offender on said date.

FOR THE BOARD: _____

Gina Allen
Administrative Review Board
Office of Inmate Issues


✶  I CONCUR: The S.O.R.T team commander is to ensure staffs conducting statewide tactical operations adhere to medically issued permits while conducting operations.

_____
S.A. Godinez
Director                    10/25/12

cc:    Warden Randy Pfister, Pontiac Correctional Center
       Lt. Dave White, S.O.R.T Team Commander, Concordia
       Jason T. Sanders, Register No. B38349

Exhibt C



**Offender Name:** _____     **Number:** _____

**Housing Unit:** _____

| ☐ New Order | ☐ Change |
|---|---|
| ☐ Renewal | ☐ Cancel |

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ | Low Bunk | ☐ | **Slow Walk** | ☐ | Hearing Aid |
| ☐ | Low Gallery (A/B) | ☐ | **Double Cuff** | ☐ | Front Cuff |
| ☑ | Medical Lay-In | ☐ | **Feed-In Cell** | ☐ | No Yard |
| ☐ | Shower on Gallery | ☐ | **C-Pap Machine** | ☐ | Heel Cup Size:___ |
| ☐ | Knee Sleeve/Brace Size:___ | ☐ | **Scrotal Support** Size:___ | ☐ | TED hose Size:___ |
| ☐ | Neck Collar Size:___ | ☐ | **Mouthguard/ Cup** | ☐ | No Work |
| ☐ | Other: | | | | |

**Start Date** _____     **Expiration Date:** _____

**Authorized By:** _____     **Date:** _____
                MD

I understand that if this permit is found altered; a disciplinary report will be written with termination of this permit. I also understand that it is my responsibility to maintain this permit in good condition and to produce to proper authority when requested.

Offender Signature:_____

Distribution:    White Copy:    Medical Records/OTS:
                                ☐ Placement
                                ☐ Call House Sgt.
                                ☐ DON Secretary
                Yellow Copy:    Offender

MEN 0021 (Eff. 12/2010)
(Replaces DCA 2007 and DCA 16435)

"Printed on Recycled Paper"

Exhibit F

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | | | |
|---|---|---|---|---|
| **Name:** SANDERS, JASON T | | **IDOC Number:** B38349. | | **Race:** BLK |
| **Hearing Date/Time:** 8/23/2012  09:18 AM | | **Living Unit:** PON-N-07-40 | | **Orientation Status:** N/A |
| **Incident Number:** 201201708/1 - MEN | | **Status:** Final | | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 8/20/2012 | 201201708/1-MEN | COWELL, TODD W | EAST DINING ROOM | 01:30 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 601.Attempt/102 | Assaulting Any Person - Staff<br>Comments:tried to bite r/o | Guilty |
| 403 | Disobeying A Direct Order | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
INMATE SANDERS PLED NOT GUILTY TO THE CHARGES, WRITTEN STATEMENT WAS GIVEN.

## BASIS FOR DECISION
BASED ON, INMATE SANDERS B38349 FAILED TO COMPLY WITH A DIRECT ORDER GIVEN BY R/O TO STAND AND FACE THE WALL. SANDERS KEPT DROPPING TO THE FLOOR AND PRAYING. R/O WAS ASSISTING ESCORTING SANDERS TO SEG. WHEN SANDERS TRIED SEVERAL TIMES TO BITE R/O. I.D. BY I.D. CARD AND OTS. WITNESS SGT. BIRKNER STATED I.D.R. IS CORRECT WAS WRITTEN.

## DISCIPLINARY ACTION  (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| 1 Year CGrade | 1 Year CGrade |
| 1 Year Segregation | 1 Year Segregation |
| Revoke GCC or SGT 6 Months | Revoke GCC or SGT 6 Months |
| 1 Year Commissary Restriction | 1 Year Commissary Restriction |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |

**Basis for Discipline:**NATURE OF OFFENSE

## Signatures
### Hearing Committee

| | | Signature | Date | Race |
|---|---|---|---|---|
| VEATH, TIMOTHY R  - Chair Person | | | 08/23/12 | WHI |
| ANTHONY, BRANDON M | | | 08/23/12 | BLK |

Recommended Action Approved

**Final Comments:** N/A

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** SANDERS, JASON T                **IDOC Number:** B38349                **Race:** BLK

**Hearing Date/Time:** 8/23/2012  09:18 AM      **Living Unit:** PON-N-07-40      **Orientation Status:** N/A

**Incident Number:** 201201708/1 - MEN          **Status:** Final

---

RICHARD  HARRINGTON / RH  8/24/2012                                      08/24/12

**Chief Administrative Officer**                   **Signature**                   **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

REBECCA A COWAN                                   8/27/2012            08:00 AM

**Employee Serving Copy to Committed Person**         **When Served  - - Date and Time**



94

STATE OF ILLINOIS – DEPT. MENT OF CORRECTIONS

Exhibit F(1)

Inmate/Student Name
Inmate/Student I.D.# —  B38349   SANDERS, JASON T.
Reception Facility —  Age: 36   DOB: 12/07/1973
Panorex —  Race: BLK   Sex: M
NRC 07/30/2010

Screening
DDS sig

Public Health Classification Screening Dates

JUVENILE

Existing Restorations and
Missing Teeth

Treatment Needed and
Completed Restorations

Exhibit F

14 15 16 17 18 19 20

| | Pathology |
|---|---|
| Endodontics | |
| Oral Surgery | 1/2 |
| Periodontics | |
| Operative | 15-23-30 |
| Prosthetic | |

□ Schedule immediately at
receiving institution
□ Schedule immediately at
receiving institution

TREATMENT NEEDED - COMPLETED RESTORATIONS

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16
32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17

Receiving Inst.
Dentist
Date 9-10-12

MEDICAL HISTORY AND REMARKS

| | Yes | No | Current Medication |
|---|---|---|---|
| Cardio Vascular Disease | | ✓ | |
| Pulmonary Disease/Asthma | ✓ | | |
| Diabetes | | ✓ | |
| Epilepsy | | ✓ | |
| Hepatitis | | ✓ | |
| V.D. (Type | | ✓ | |
| Allergies (Type | | | |

ADULT   EXISTING RESTORATIONS & MISSING TEETH

R   1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16   L

32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17

Exhibit F(2)

| Date | Service Rendered | D.D.S. Signature | Date | Service Rendered | D.D.S. Signature |
|---|---|---|---|---|---|
| JUL 3 0 2010 | REG EXAM DAILY ORAL HYGIENE INSTRUCTIONS GIVEN | | | | |
| 8/18/11 | Dr. S. Gay Chart X-Ray refer Schedule your appt | Dr. S. G. | | | |
| 9-10-12 | | | | | |
| | 9/10/22.26 | | | | |
| 4-5-12 | | | | | |
| | | O Dowell EDP | | | |
| 1-14-13 | | | | | |
| | | | | | |

DC 7128 (Rev. 10/97)
IL 428-0018

*Description of all events.

Exhibit "D"

OFFENDER'S GRIEVANCE

| Date: 8-10-2012 | | ID#: B-82349 |

| Present Facility: Pontiac C.C. | Facility where grievance issue occurred: Menard C.C. |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA   8th Amendment
- [x] Other (specify): Violation

[x] Disciplinary Report: 8 / 30 / 2010    Menard Correctional Center
Date of Report                Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): On Aug 30 2012 while being drugged by two Correctional Officers dressed in full orange tactical gear from my cell so to a so called "Protective Custody" during a shakedown and after informing the officers that I have trouble walking fast without my walking cane which I'm not allowed to have even though its on my medical records stateing: I am Required to use a cane to walk because of a major injury to my left leg which is also on my medical file. I also stated to the two officers that I have a low gallery bottom bunk and slow walk permit which is also on my medical file. I again stated to the two officers that on 8/10/2012 I was seen by Dr Shepard here at Menard C.C. concerning

**Relief Requested:** _____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self

| Jason Sanders | B-82349 | 8 / 30 / 2012 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** |

| Date Received: __ / __ / __ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

| Print Counselor's Name | | Counselor's Signature | Date of Response |

| **EMERGENCY REVIEW** |

| Date Received: __ / __ / __ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance |
| | | [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature                                Date

Distribution: Master File; Offender                    Page 1                    DOC 0046 (8/2012)
Printed on Recycled Paper

Page 2

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE (Continued)**

can I saw I had taken xxx on (7-30-12) indicating that I have a fracture in my lower back, therefore, it not possible for me to walk, sit or stand for a normal length of time without falling. After explaining this to the two officers, they nonchalantly disregarded my "known" disability in dragged me all the way over to the east chow hall (5A-5C ET) which cut both my legs and cost, to bust while handcuffed behind my back, this is why when I was ordered by T. Cowell #3640 to face the wall I collapsed to the floor not to disobey a direct order. Once I collapsed C/O Cowell and Sgt. Edward H. Birkner took turns slamming my face into the wall, demanding that I stand up and face the wall, even though I cried out in pain that I cant because of the severe pain in my legs and back, so I prayed to God to help me. I felt that was the only help I could get as the other staff of Correctional Officers and inmates in which at point C/O Cowell and Sgt. Edward H. Birkner held me with their full arms my left and right Jaw were not closing, as they both sarcasticly repeated "Ask Allan to help you now!" When both C/O Todd Cowell and Sgt. Edward H. Birkner noticed other staff (officers) and inmates in the East Chow Hall were looking and witnessing their unjust and cruel actions, they hurried to pick me up dragging me out of the east chow hall, which has video recorded coverage inside where this all took place, dragging and choking me unmercifully as they both engaged in conversation on how to justify their clear abusive behaviour on a disable inmate, which was made known to them both. They both agreed to say: I tried to bite C/O Todd Cowell, then again I tried to bite C/O Todd Cowell as they both dragged me approximately 100-150 FT. to North 2 Cell House segregation unit, charging me falsely with a offence (601 Attempt/103): Assaulting any person - Staff and a (403-Disobeying a Direct Order) I never "attempted" to bite C/O Todd Cowell, nor did I disobey any "Direct order" that was shown I couldn't do, due to my "Known" medical condition. I was never given any medical attention after this savage attack, which was "Affirmed" by Gina Allen of the Administrative Review Board, Office of Inmate issues, and Director of Illinois Department of Corrections. S.A. Godinez. On 8/28/12 I was immediately transfered to Pontiac C.C. where I exhausted all my administrative Remedies.

OneRadiology
Normal, IL 61761
Date: July 24, 2012

Exhibit
B
Page - 1
( TURN OVER )

Patient: Sanders, Jason
ID#: B38349
DOB: 12/7/73
Ordered by: Dr. Sheperd
Menard Correctional Center

LUMBAR SPINE THREE VIEWS        7/20/2012

HISTORY:   Chronic low back pain and difficulty ambulating.

FINDINGS:   There is narrowing of the disc at L5-S1 level, L3-4 and L4-L5 level.

There is no compression fracture or subluxation.


Signed_____
                    N. Yousuf,  M.D.

NY: eg
DIC: 7/24/2012
Films from Menard Correctional Center


M.D. Review
Date_____ 7/31/12
Doctor_____
Pull Chart
See Patient
File ✓

7-31-12

OneRadiology
Normal, IL 61761
Date: 09/17/12

Exhibit B
Page 2

Patient: Sanders, Jason
ID#: B38349
DOB: 12/07/73
Ordered by: Dr. Shepherd
Menard Correctional Center

LEFT KNEE, TWO VIEWS 09/13/2012:
LEFT FOOT, THREE VIEWS 09/13/2012:
LEFT ANKLE, THREE VIEWS 09/13/2012:

HISTORY: Previous ORIF; knee and ankle pain.

FINDINGS: There is an intramedullary rod within the tibia employed for prior fracture of the mid shaft of the tibia.

There is also a healed fracture of the mid shaft of the fibula.

There is no acute regional bony fracture.

The ankle is intact.

The bony structures of the left foot are also intact.

Signed _____
N. Yousuf, M.D.

NY: cah
DIC: 09/17/12
Films from Menard Correctional Center

received
9-19-12

M.D. Review
Date_____
Doctor_____
Pull Chart _____
See Patient _____
File _____