IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JASON SANDERS, # B-38349, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-258-GPM |
| | ) | |
| TODD W. COWELL, | ) | |
| EDWARD H. BIRKNER, | ) | |
| and DAVE WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on events that occurred while Plaintiff was confined at Menard Correctional Center ("Menard"). Plaintiff is serving a four year sentence for burglary and a two year sentence for retail theft. Plaintiff claims that Defendants Cowell and Birkner, while conducting a tactical operation in Menard as part of the SORT team, used excessive force against him, were deliberately indifferent to his serious medical needs, and discriminated against him on the basis of his religious beliefs.

More specifically, Plaintiff claims that on August 20, 2012, Defendants Cowell and Birkner ordered him out of his cell and cuffed his hands behind his back (Doc. 1, p. 5). Plaintiff was to be escorted to the chow hall along with other prisoners while the cells were searched. Plaintiff told Defendants Cowell and Birkner that he could not walk fast due to his disability, and that he had medical permits for "slow walk, low bunk, low gallery, medical lay-in and feed in cell" (Doc. 1, pp. 5, 11, 14). Nonetheless, Defendants Cowell and Birkner pushed Plaintiff's

back, then pulled him by both arms until he fell.  They then dragged Plaintiff about 50-70 feet to the chow hall, and ordered him to stand up and face the wall.  He could not stand because of the pain in his back and leg; when they forcibly stood Plaintiff up, he collapsed to the floor in pain (Doc. 1, p. 6).  After Plaintiff collapsed, Defendants Cowell and Birkner took turns slamming Plaintiff's head and face into the wall.

Plaintiff, who is Muslim, began to pray for help from this abuse.  Both Defendants mockingly responded, "Ask Allah to help you now!" as Defendant Cowell struck Plaintiff on his jaw (Doc. 1, pp. 6, 8).  These blows chipped Plaintiff's back tooth, which later had to be pulled because of the injury.  During these events, Plaintiff did not violate any prison rules, nor was he disruptive (Doc. 1, p. 8).

Finally, Plaintiff claims that Defendant White, the SORT team commander, failed to ensure that his staff would adhere to medically issued permits during their operations (Doc. 1, p. 7).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated colorable Eighth Amendment claims against Defendants Cowell and Birkner for excessive force (Count 1) and deliberate indifference to his serious medical needs (Count 2).  In addition, he has stated a possible Fourteenth Amendment claim against Defendants Cowell and Birkner for discrimination (administering a beating) based on his religious affiliation (Count 3).

However, Plaintiff's claim against Defendant White is dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Plaintiff alleges only that Defendant White, as a supervisor, failed to ensure that Defendants Cowell and Birkner would

honor Plaintiff's slow walk and other medical permits in their encounter with him. Nothing in the complaint indicates that Defendant White was present during the events described by Plaintiff, or even aware of the behavior of the other Defendants. There is no indication that Defendant White was "personally responsible for the deprivation of a constitutional right." *Id.* Furthermore, even if Defendant White was negligent in supervising the other Defendants, negligence cannot form the basis for liability in a § 1983 civil rights action. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Accordingly, Defendant White shall be dismissed from this action.

### Pending Motions

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration. The motion for service of process at government expense (Doc. 4) is **GRANTED** as to Defendants Cowell and Birkner, but is **DENIED** as to Defendant White, who shall be dismissed.

### Disposition

**DEFENDANT WHITE** is **DISMISSED** from this action **with prejudice** for failure to state a claim against him upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **COWELL** and **BIRKNER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the

full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

his application to proceed *in forma pauperis* has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** April 17, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge