IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JASON SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-258-GPM-DGW |
| | ) | |
| TODD W. COWELL and EDWARD H. BIRKNER, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now before the Court are a number of motions filed by Plaintiff (Docs. 22, 23, 24, 25, 28, 29, 30, and 31).

*1. Motions for Recruitment of Counsel (Docs. 22, and 30).*

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote,* 503 F.3d 647,649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(l) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean,* 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas,* 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt,* 503 F.3d at 655 ("the question is whether the difficulty of the case - factually and legally - exceeds the particular plaintiffs capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may

consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt,* 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. lyiola,* 718 F.3d 692,696 (7th Cir. 2013).

Plaintiff has met the threshold requirement of attempting to seek counsel without Court intervention. Plaintiff has also provided a very extensively argued motion for recruitment of counsel in which he argues that he is currently in segregation, has limited access to the law library, that his case is complex and will require extensive discovery, and that this matter will contain sharply contested and conflicting testimony. It appears clear, however, from Plaintiff's many filings and extensive arguments that he has the capacity to present the Court with arguments to support his claim for relief, that he is able, notwithstanding his confinement in segregation and his 9th grade education, to conduct legal research and petition the Court for appropriate relief. All prisoners are limited in both their ability to conduct discovery and legal research because of the nature of their incarceration and most such cases are sharply contested. These factors do not warrant recruitment of counsel in all cases. Plaintiff's limited access to the law library can be remedied by allowing more time for discovery. Plaintiff's claims against two defendants are not overly complicated and extensive discovery does not appear necessary. Therefore, counsel will not be recruited and these motions are **DENIED**.

*2. Motions for Subpoenas (Docs. 23 and 24) and to Compel (Doc. 25).*

The Clerk must issue subpoenas on request of a party. FED.R.CIV.P. 45(a)(3). However, the Court has an obligation to protect persons subject to a subpoena and may preview subpoenas in

order to ensure that the Courts subpoena power is not being abused. FED.R.CIV.P. 26(b)(2)(C), 45(c); *Marozsan v. United States,* 90 F.3d 1284, 1290 (7th Cir. 1996).

The Clerk is therefore **DIRECTED** to provide Plaintiff with the requested number (2) of subpoena forms, blank and unsigned. Plaintiff shall complete the forms and submit them to the Court for review. Plaintiff shall take appropriate steps to avoid imposing undue burden or expense on a person subject to subpoena and shall restrict his requests to information that is relevant to the claims or defenses. Plaintiff is **ADVISED** to review Rule 45 of the Federal Rules of Civil Procedure. These Motions are **GRANTED IN PART**.

As to the Motion to Compel, Plaintiff in fact has filed discovery requests with the Court. Local Rule 26.1 (b) provides that requests to produce and interrogatories shall not be filed with the Court. These discovery requests should be served upon Defendants. This "motion," then, is hereby **STRICKEN**.

### *3. Motion to Direct Answer, for Service of Process, and to Amend the Complaint (Docs. 28, 29, and 31).*

Plaintiff seeks to amend his complaint to change the naming of a Defendant from Edward Birkner to Nathan Birkner and further seeks service of process as to this new Defendant. Plaintiff is **GRANTED** leave to Amend his Complaint and the Clerk is **DIRECTED** to file the Amended Complaint that was submitted along with the Motion. The Amended Complaint still contains reference to Edward Birkner in the "Fact" section; however, it is clear that Plaintiff is asserting claims against Nathan Birkner. And, Plaintiff is reminded that only the three counts identified in the April 17, 2013 Order (Doc. 9) shall be litigated in this action.

The Clerk of Court shall prepare for Defendant **NATHAN BIRKNER**: (l) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of

Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the amended complaint, and this Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.  With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff's Motion for Service of Process is accordingly **GRANTED**.  However, Plaintiff's Motion to Direct Answer is **DENIED.**  Defendant Nathan Birkner shall file a responsive pleading in conformity with the Federal Rules of Civil Procedure.

For the foregoing reasons, the Motion for Recruitment of Counsel is **DENIED** (Doc. 22), the Motion Number 1 for Subpoena is **GRANTED IN PART** (Doc. 23), the Motion Number 2 for Subpoena is **GRANTED IN PART** (Doc. 24), the Motion to Compel is **DENIED** (Doc. 25), the Motion to Direct Answer is **DENIED** (Doc. 28), the Motion for Service of Process is **GRANTED** (Doc. 29), the Motion for Recruitment of Counsel is **DENIED** (Doc. 30), and the Motion for Leave to Amend is **GRANTED** (Doc. 31).

**IT IS SO ORDERED.**

**DATED: September 24, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**