IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-258-GPM-DGW |
| ) | |
| TODD W. COWELL and NATHAN ) | |
| BIRKNER, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Leave to File a Second Amended Complaint filed by Plaintiff, Jason Sanders, on September 24, 2013 (Doc. 35) and the Motion for Subpoenas filed by Plaintiff on October 1, 2013 (Doc. 40). The Motion for Leave to File is **DENIED WITHOUT PREJUDICE** and the Motion for Subpoenas is **GRANTED IN PART**.

Plaintiff seeks to amend his complaint in order to assert more facts against the individual Defendants. The Court notes that Plaintiff had filed his first motion to amend on September 19, 2013 in which he sought to correct the naming of a party (from Edward Birkner to Nathan Birkner) (Doc. 19). That motion was granted on September 24, 2013 (Doc. 33) and Nathan Birkner was ordered to be served in accordance with Federal Rule of Civil Procedure 4. The pending motion was filed after the first motion to amend was filed but prior to Plaintiff's receipt of the Order granting that first motion to amend. As such, Plaintiff is seeking to file a *Second* Amended Complaint. The proposed Second Amended Complaint, however, is only a two page document (that is not on a form) that does not set forth the claims made in either the Complaint or the Amended Complaint. It is therefore insufficient because it does not set forth any of the items

listed in Federal Rule of Civil Procedure 8 (there is no statement of jurisdiction, no statement of Plaintiff's claims, and no demand for relief).  Plaintiff is informed that a proposed amended pleading will supersede and render null prior pleadings; therefore, it must include all information required by Rule 8.   In addition, it is unnecessary for Plaintiff to include additional facts – Rule 8 only requires notice pleading; and, in any event, Plaintiffs claims will proceed as outlined by Judge Murphy on April 17, 2013 (Doc. 9).   This motion is accordingly **DENIED WITHOUT PREJUDICE** (Doc. 35).

Plaintiff also seeks 7 subpoenas in order to conduct depositions by written questions pursuant to Federal Rule of Civil Procedure 31.  Leave of court is required for an inmate to conduct depositions by written questions.  FED.R.CIV.P. 31(a)(2)(B).   The Clerk is **DIRECTED** to provide Plaintiff with the requested number (7) of subpoena forms, blank and unsigned.  Plaintiff shall complete the forms and submit them to the Court for review.   In addition, Plaintiff shall submit the questions he seeks to ask, shall indicate what relevant testimony the deponent will provide, and shall inform the Court of the "name or descriptive title and the address of the officer before who the deposition will be taken."   FED.R.CIV.P 31(a)(3).   Plaintiff is informed that the Court does not have "forms" or instructions related to depositions upon written questions.  Plaintiff should review Rule 31.   This motions is accordingly **GRANTED IN PART**.

**IT IS SO ORDERED.**

**DATED: October 1, 2013**

                                                 **DONALD G. WILKERSON**
                                                 **United States Magistrate Judge**